﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 200716-98258
DATE: April 30, 2021

ORDER

Entitlement to service connection for gastroesophageal reflux disease (GERD) with a hiatal hernia is denied.

REMANDED

Entitlement to service connection for photophobia is remanded.

FINDING OF FACT

The record evidence shows that the Veteran does not experience any current disability due to his claimed GERD with a hiatal hernia which could be attributed to active service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for GERD with a hiatal hernia have not been met. 38 U.S.C. §§ 1110, 5103, 5103A, 5107 (2012); 38 C.F.R. §§ 3.303, 3.304 (2019). 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from December 1965 to December 1967, including in the Republic of Vietnam.

The rating decision on appeal was issued in February 2020 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. In the July 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board only may consider the evidence of record at the time of the Agency of Original Jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301. Having reviewed the record evidence, the Board finds that the issues on appeal should be characterized as stated above.

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is deciding the claim of service connection for GERD with a hiatal hernia, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision. As the Board is remanding the claim of service connection for photophobia for further development, the additional evidence will be considered by the AOJ in the adjudication of this claim.

Entitlement to service connection for GERD with a hiatal hernia

The Board finds that the preponderance of the evidence is against granting the Veteran’s claim of service connection for GERD with a hiatal hernia. The Veteran essentially contends that he incurred GERD with a hiatal hernia during active service and experienced continuous post-service disability. The record evidence does not support his assertions regarding the existence of current disability due to his claimed GERD with a hiatal hernia which could be attributed to active service. It shows instead that he does not experience any current disability due to this claimed disability which is related to active service. The Board notes initially that the Veteran’s service treatment records show no complaints of or treatment for GERD with a hiatal hernia during active service. The Board next notes that the absence of contemporaneous records does not preclude granting service connection for a claimed disability. See Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006) (finding lack of contemporaneous medical records does not serve as an "absolute bar" to the service connection claim); Barr v. Nicholson, 21 Vet. App. 303 (2007) ("Board may not reject as not credible any uncorroborated statements merely because the contemporaneous medical evidence is silent as to complaints or treatment for the relevant condition or symptoms").

In a November 2019 statement, the Veteran asserted that a hiatal hernia “can be caused by strain by heavy lifting. We loaded supplies and unloaded heavy supplies [daily] in the field. This can also cause diarrhea and constipation.” He also asserted that he experienced “gas, bloating, intestinal discomfort, pain in chest, [and] difficulty swallowing.” He further asserted that diabetes mellitus with neuropathy “can cause the LES to relax allowing reflux of stomach contents into the esophagus.”

The post-service evidence also does not support granting service connection for GERD with a hiatal hernia. Contrary to the Veteran’s lay assertions, it shows that he does not experience any current disability due to this claimed disability which is related to active service. His voluminous post-service VA and private outpatient treatment records show no complaints of or treatment for GERD with a hiatal hernia in the decades since his service separation. The Board finds it highly significant that, although the Veteran has complained of and been treated for a variety of lower gastrointestinal conditions, to include irritable bowel syndrome and diverticulosis, since his service separation, he has not complained of or sought treatment for any upper gastrointestinal conditions, to include GERD with a hiatal hernia. 

A service connection claim must be accompanied by evidence which establishes that the claimant currently has a disability. Rabideau v. Derwinski, 2 Vet. App. 141, 144 (1992); Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). Service connection is not warranted in the absence of proof of current disability. The Board has considered whether the Veteran experienced GERD with a hiatal hernia at any time during the pendency of this appeal. Service connection may be granted if there is a disability at some point during the claim even if it later resolves or becomes asymptomatic. McClain v. Nicholson, 21 Vet. App. 319 (2007). In this case, there is no evidence – other than the Veteran’s unsupported lay assertions – that he experiences any current disability due to his claimed GERD with a hiatal hernia which is attributable to active service. He otherwise has not identified or submitted any evidence demonstrating his entitlement to service connection for GERD with a hiatal hernia. In summary, the Board finds that service connection for GERD with a hiatal hernia is not warranted.

REASONS FOR REMAND

1. Entitlement to service connection for photophobia is remanded.

The Veteran contends that he incurred photophobia (or a disability manifested by light sensitivity) during active service and experienced continuous post-service disability. The AOJ made favorable findings in the currently appealed rating decision that the Veteran has a current diagnosis of photophobia. The Board is bound by the AOJ’s favorable findings under the AMA. Unfortunately, to date, the AOJ has not provided the Veteran with an examination or medical nexus opinion to determine the etiology of his current photophobia. The Board notes in this regard that the threshold for providing an examination or obtaining a medical nexus opinion under VA’s duty to assist is low. Thus, the Board finds that the AOJ committed a pre-decisional duty to assist error and, on remand, an appropriate medical nexus opinion should be obtained.

The matters are REMANDED for the following action:

1. Forward the claims file to an appropriate clinician for an opinion concerning the nature and etiology of the Veteran’s photophobia. The Veteran does not need to report for examination.

Based on a review of the claims file, the clinician is asked to state whether it is at least as likely as not that photophobia, if present, is related to active service. A rationale must be provided for any opinion(s) expressed. 

The clinician is advised that the Veteran has been diagnosed as having photophobia.

 

 

R. FEINBERG

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Michael T. Osborne, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.